# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEVIN MOODY and VERONICA MOODY, individually and as parents and next friend of TYLER MOODY, deceased, )<br><br>Plaintiffs, )<br><br>v. )<br><br>FORD MOTOR COMPANY, a Delaware Corporation, )<br><br>Defendant. ) | Case No. 03-CV-0784-CVE-PJC |

## OPINION AND ORDER

Now before the Court is Defendant Ford Motor Company's Advice to the Court Regarding Malibu I and II Papers and Film (Dkt. # 244). Defendant intends to present video and documentary evidence regarding testing of the 1983 Chevrolet Malibu that was conducted, in part, by its expert witness, Kenneth F. Orlowski.[1]

After reviewing Ford's Advice, the Court finds that Ford should be allowed to show the videos. There is Tenth Circuit precedent directly on point involving Mr. Orlowski's testimony. In Harvey v. General Motors Corporation, 873 F.2d 1345 (10th Cir. 1989), the district court allowed GM to show the videotapes of the Malibu I and II experiments. Id. at 1355. The court gave a limiting instruction that the video was merely a demonstration that stated:

---

[1] Malibu I was a study consisting of two sets of rollover tests conducted on a 1983 Chevrolet Malibu. Malibu II was a series of dynamic dolly rollover tests and inverted vehicle drop tests on the 1983 Chevrolet Malibu that included the use of dummies belted into the car with lap and shoulder straps.

> Members of the jury, there will now be displayed to you Defendant's Exhibit DD-2. In viewing this film, the Court has admitted it because it thinks that it would be helpful to you in understanding the oral testimony of Mr. Orlowski as well as the general principles of vehicle dynamics and occupant kinematics in patterns of injury mechanics to which Mr. Orlowski has testified.
>
> But let me point out to you and instruct you that this involves a Chevrolet Impala [sic] with a solid roof, not a 1978 T-top Corvette, and you are not to ignore the distinctions between this demonstrative evidence and the actual event that is the subject matter of this action. You must make allowances for the differences between the actual event and the demonstrative evidence.

Id. The Tenth Circuit approved use of the Malibu videos for demonstration purposes if the jury was given a proper limiting instruction. The evidence is relevant as long as it is clear to the jury that the video does not show a recreation of the accident at issue in the actual case. Other circuits have followed the reasoning of Harvey and have admitted videos of scientific experiments used to support an expert's testimony on relevant scientific principles. Burrows v. General Motors Corp., 999 F.2d 539 (6th Cir. 1993) (unpublished opinion) (dissimilarities between actual accident and experiment go to the weight of the evidence, but do not preclude admissibility to explain scientific principles); Nachtsheim v. Beech Aircraft Corp., 847 F.2d 1261 (7th Cir. 1988) (video offered to show operation of airplane in icy conditions was admissible to demonstrate normal use of airplane, because it was not offered as a reenactment of the accident); Champeau v. Fruehaug Corp., 814 F.2d 1271, 1278 (8th Cir. 1987) ("Moreover, the experiment did not need to be performed in similar circumstances in order to be admissible because it did not purport to be a recreation of the accident and it was merely used to demonstrate general principles of physics").

Based on Harvey, Ford will be allowed to show the Malibu I and II videos to demonstrate general scientific principles, but the Court will give a limiting instruction to the jury that the videos

are not a recreation of the accident. The Court will give the following limiting instruction before Ford presents the videos to the jury:

> Defendant will show videos of experiments conducted on a 1983 Chevrolet Malibu, which defendant will refer to as Malibu I and Malibu II. These tests are demonstrations of the mechanical and physical principles at work in a rollover accident. The Court has permitted defendant to present these videos to help you understand the oral testimony of Mr. Orlowski as well as the general principles of vehicle dynamics. However, these tests should not be considered as a recreation of the accident at issue in this case. You should not ignore the differences between a 1983 Chevrolet Malibu and a two-door 1995 Ford Explorer Sport, and you should not ignore the distinctions between this demonstrative evidence and the actual event that is the subject matter of this action.

This will clearly instruct the jury on why the Malibu I and II videos are being presented, and will prevent any improper comparisons between the videos and the actual accident.

However, Harvey does not discuss the admission into evidence of the Malibu papers, nor does the Court find it necessary to admit the documents into evidence. Under Ford's reasoning, Orlowski intends to rely on these papers to show his qualifications to testify as an expert and the papers support Ford's theory that roof strength is not relevant to injuries in rollovers. He did co-author the papers from the Malibu experiments and that does support his qualification as an expert witness. While the scientific principles have some relevance to the issue of causation, the results of the study are not as obviously relevant to Ford's defense in this case. It would be dangerous to allow the jury to make a comparison between a Chevrolet Malibu and Ford Explorer and, under the reasoning of Harvey and other Tenth Circuit cases, it could be error to let the jury directly compare the two vehicles. See Harvey, 873. F.2d at 1355; Jackson v. Fletcher, 647 F.2d 1020 (10th Cir. 1981). Ford will be allowed to ask Orlowski about the Malibu I and II papers to support his qualifications as an expert witness. He may also testify about his personal knowledge of the studies,

which may include his opinions about the findings of Malibu I and II, and the scientific principles demonstrated in the studies. However, the documents themselves will not be admitted into evidence.

**IT IS THEREFORE ORDERED** that Ford will be permitted to present the Malibu I and II videos to the jury as evidence of the relevant scientific principles involved in rollover accidents, subject to the Court's limiting instruction.

**IT IS FURTHER ORDERED** that Ford's expert witness, Kenneth Orlowski, may testify concerning his personal knowledge of the Malibu I and II studies, and the scientific principles demonstrated in the studies. The documentary evidence will not be admitted into evidence.

**DATED** this 16th day of November, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT