UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KEVIN MOODY and VERONICA MOODY,** individually and as parents and next friend of **TYLER MOODY, deceased,** | ) ) ) ) |
| **Plaintiffs,** | ) ) |
| v. | ) Case No. 03-CV-0784-CVE-PJC ) |
| **FORD MOTOR COMPANY,** a Delaware Corporation, | ) ) ) ) |
| **Defendant.** | ) |

**OPINION AND ORDER**

Now before the Court is Plaintiffs' Motion for Entry of Judgment (Dkt. # 265). Defendant opposes plaintiffs' motion, because it claims plaintiffs have incorrectly calculated prejudgment interest. Defendant also requests additional time before entry of judgment to allow the court reporter to complete the trial transcript.

**I.**

Plaintiffs filed a manufacturers' products liability claim against defendant Ford Motor Company ("Ford") alleging that Ford defectively designed the roof of the 1995 Ford Explorer Sport ("Explorer"). Plaintiffs claimed that Ford knew the Explorer had a tendency to roll over, but that Ford failed to design the roof with sufficient strength to protect occupants of the vehicle. Trial was scheduled to begin on February 27, 2006, but the parties orally moved to reset the trial date.[1] Ford claims that plaintiffs requested a new trial date due to an illness in plaintiffs' family. Plaintiffs

---

[1] The Court's minute order of February 27, 2006 (Dkt. # 212) shows that the motion to reset trial was a joint motion. Ford only now claims that the Court's minute order is inaccurate, because Ford was prepared to try the case and opposed any continuance of the trial date.

respond that Ford agreed to a continuance because of the possibility that Kevin Moody's mother would die during trial. According to plaintiffs, Ford preferred a continuance of the trial setting to a delay during trial.

The case proceeded to trial on November 8, 2006. On November 20, 2006, the jury found for the plaintiffs on their claim for manufacturers' products liability and awarded them $15 million in compensatory damages. Plaintiffs have filed an opposed motion for entry of judgment and a proposed judgment. Defendant has raised three objections to plaintiffs' motion: (1) plaintiffs should not be allowed to collect prejudgment interest for any delays caused by plaintiffs when Ford was ready to begin trial; (2) plaintiffs incorrectly calculated prejudgment interest for 2003;[2] and (3) the Court should delay entry of judgment to allow additional time for the court reporter to finish the trial transcript.[3]

## II.

Pursuant to Okla. Stat. tit. 12, § 727, plaintiffs request prejudgment interest from November 18, 2003 to the date of judgment. Ford claims that plaintiffs caused a 252-day delay of the proceedings from February 27 to November 8, 2006, and plaintiffs should not be awarded prejudgment interest during that period. Ford also claims that plaintiffs incorrectly calculated

---

[2] Ford's response states that plaintiffs incorrectly calculated prejudgment interest for 2004, but this appears to be a typographical error. The Court will consider Ford's objection as an objection to plaintiffs' request for 46 days of prejudgment interest in 2003.

[3] Ford also requested that the judgment be amended to state that "[p]ostjudgment interest on the amount of the judgment shall accrue from the date the judgment is filed at the rate determined pursuant to 28 U.S.C. § 1961." Dkt. # 275, at 5. This Court is aware of the law concerning the rate of post-judgment interest and the judgment will actually state the correct rate as of the date of entry.

2

prejudgment interest for 46 days in 2003, when there were only 43 days remaining in the year as of the date of filing.[4]

Under Oklahoma law, "if a verdict for damages by reason of personal injuries or injury to personal rights . . . is accepted by the trial court, the court in rendering judgment shall add interest on the verdict . . . ." Okla. Stat. tit. 12, § 727. Prejudgment interest compensates a plaintiff for the "loss of use of his compensatory damages from the time the cause of action accrued until the date of judgment." Fleming v. Baptist General Convention of Oklahoma, 742 P.2d 1087, 1096 (Okla. 1987). The Tenth Circuit has clearly held that prejudgment interest in a diversity case is a substantive issue determined by reference to state law. Hofer v. Unum Life Ins. Co. of America, 441 F.3d 872, 878 (10th Cir. 2006); Loughridge v. Chiles Power Supply Co., Inc., 431 F.3d 1268, 1288 (10th Cir. 2005). In products liability cases resulting in personal injury, an award of prejudgment interest is proper. Parker v. O'Rion Indus., Inc., 769 F.2d 647, 650 (10th Cir. 1985); Johnson v. Ford Motor Co., 45 P.3d 86, 95-96 (Okla. 2002). Under Oklahoma law, courts do not have the equitable power to deny prejudgment interest or reduce the amount of prejudgment interest awarded under section 727. Fleming, 742 P.2d at 1096.

In this case, the Court finds that it does not have the authority to exclude prejudgment interest from February 27 to November 8, 2006. The Court's docket shows that the parties jointly moved for a continuance of the trial date on February 27, 2006. Even if Ford is correct that plaintiff unilaterally requested a continuance, section 727 does not grant courts discretionary authority to modify the amount of prejudgment interest, and the Oklahoma Supreme Court has expressly stated

---

[4] Plaintiffs agree that they miscalculated the number of days in 2003 from filing to year-end. Therefore, the Court will calculate 43 days of prejudgment interest for 2003.

3

that courts may not invoke their equitable powers to reduce an award of prejudgment interest. Id. Ford cites one Oklahoma case, Howard v. Jessup, 519 P.2d 913 (Okla. 1973), but that case does not support Ford's argument that this Court has the authority to reduce a prejudgment interest award mandated by statute. In Howard, the Oklahoma Supreme Court permitted plaintiff to collect prejudgment interest for a 34 month delay caused by the unavailability of a witness and pending criminal proceedings against the plaintiff. Id. at 918. Ford cites many cases showing that federal courts interpreting federal law can modify the amount of prejudgment interest based on equitable considerations, but those cases are inapplicable. The Court is bound to follow Oklahoma law and, therefore, the Court may not reduce the amount of prejudgment interest due to a continuance of the trial date.

The Court has calculated the amount of prejudgment interest from the date of filing to the date of entry of judgment as follows:

| YEAR | NUMBER OF DAYS | PERCENTAGE RATE | ACCRUED ANNUAL INTEREST |
|---|---|---|---|
| 2003 | 43 | 5.63% | $   99,489.04 |
| 2004 | Full Year | 5.01% | $ 751,500.00 |
| 2005 | Full Year | 7.25% | $1,087,500.00 |
| 2006 | Full Year | 9.25% | $1,387,500.00 |
| 2007 | 4 | 8.25 % | $   13,561.64 |

The total amount of prejudgment interest is $3,339,550.68.

### III.

Ford requests that the Court delay entry of judgment to allow the court reporter sufficient time to complete the trial transcript. Ford states that it intends to file motions pursuant to Fed. R. Civ. P. 50 and 59(a), and a complete transcript of the trial is necessary. Plaintiffs strongly oppose Ford's request to delay entry of judgment for completion of a transcript. They claim that there has already been a significant delay and Ford has cited no authority to support its request for delaying entry of judgment to accommodate the filing of post-trial motions.

The Court recognizes that the ten-day period for filing motions under Rules 50 and 59(a) is jurisdictional and can not be extended. Fed. R. Civ. P. 6(b); Allender v. Raytheon Aircraft Co., 439 F.3d 1236, 1241 (10th Cir. 2006); Searles v. Dechant, 393 F.3d 1126, 1129 n.5 (10th Cir. 2004). Fed. R. Civ. P. 58 requires the Court to "promptly" enter judgment following a jury verdict and there is no exception to allow defendant additional time to prepare post-trial motions. See Poleto v. Consolidated Rail Corp., 826 F.2d 1270, 1281 (3d Cir. 1987) (proper course when complex post-judgment matters remain following a trial is to enter judgment and stay execution of judgment or post-trial deadlines if possible); Goldsmith v. Diamond Shamrock Corp., 767 F.2d 411, 415 (8th Cir. 1985) (court should not delay entry of judgment to extend period for filing post-trial motions, because this would nullify the ten-day deadline of Rule 59). In an unpublished opinion, the Tenth Circuit has suggested that delaying final judgment prejudices a successful plaintiff's claim for postjudgment interest, and the better practice is to enter judgment expediently and deal with post-

judgment matters as they arise.  Greene v. Safeway Stores, Inc., 211 F.3d 1278 (10th Cir. 2000) (unpublished disposition).[5]

Ford has not cited any authority that would allow the Court to delay the entry of judgment. Ford may request permission to supplement any post-trial motions it elects to file if a complete transcript is unavailable at the time of filing, but the Court can not delay entry of judgment to extend deadlines for filing post-trial motions.  Ford's request that the Court refrain from entering judgment until a transcript is completed is denied.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Entry of Judgment (Dkt. # 265) is **granted**.  A separate judgment is entered herewith.

**DATED** this 5th day of January, 2007.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[5]  The Court is aware that citation of an unpublished decision is disfavored. 10th Cir. R. 36.3. However, this unpublished decision has persuasive value on a material issue not addressed in a published opinion and it assists the Court in its disposition of this issue.