Moody v. Ford Motor Company                                                                                                          Doc. 319

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

KEVIN MOODY and VERONICA MOODY, )
individually and as parents and next friend of )
TYLER MOODY, deceased, )
                                                              )
                        **Plaintiffs,** )
                                                              )
v. )   Case No. 03-CV-0784-CVE-PJC
                                                               )
**FORD MOTOR COMPANY,** )
a Delaware Corporation, )
                                                               )
                                       **Defendant.** )

## OPINION AND ORDER

     Now before the Court is Plaintiffs' Motion to Allow Communication with Jurors (Dkt. # 318). Plaintiffs' counsel requests permission to contact jurors regarding "whether any extraneous matter occurred or was presented during trial which was not evidence and that prejudiced [the jurors] or inflamed their passions." Dkt. # 318, at 3. Plaintiffs' counsel also suggests that the Court ordered a new trial based "only on its subjective belief of the mindset and deliberative process of the jury." Id. at 2. Plaintiffs recite that defendant objects to the motion. Pursuant to LCvR 47.2, attorneys may not speak to jurors about a case, even after the case is completed, without obtaining an order from the Court.

     As a preliminary matter, the Court notes that plaintiffs' counsel mischaracterizes the Court's ruling granting a new trial. The Court did not order a new trial based on the jury's consideration of extraneous evidence that was not presented at trial, nor did the Court attempt to determine the mindset of the jurors when they reached a verdict. The Court found, based on a review of the entire trial transcript, that the conduct of plaintiffs' counsel prejudiced Ford Motor Company ("Ford"), and

Dockets.Justia.com

a new trial was necessary to ensure that Ford received a fair trial. In its opinion and order granting Ford's motion for a new trial, the Court summarized its ruling by stating:

> The Court has performed a quantitative assessment of the trial errors. To recap, plaintiffs' counsel violated in limine rulings as to other similar incidents, punishment and the Golden Rule, historical internal Ford documents, payments to expert witnesses, and he made personal attacks on Ford witnesses and counsel. The combination of these violations, along with plaintiffs' counsel's improper conduct, leaves this Court with a firm conviction that Ford did not receive a fair trial.

Dkt. # 317, at 40. Plaintiffs focus on a small section of the ruling discussing the size of the verdict, but the Court was clear that a new trial would have been ordered regardless of the amount of the verdict.

Plaintiffs do not cite a legal standard for the Court's review of their motion to contact jurors, but the Federal Rules of Evidence and case law are clear that a party may not rely on evidence of a juror's mental impressions to impeach or support a verdict. The Tenth Circuit has stated that a juror's testimony[1] is admissible under Fed. R. Evid. 606(b)(1) to show "whether [jurors] discussed specific extra-record *facts* relating to the defendant, and if they did, whether there was a significant possibility that the defendant was prejudiced thereby." Marquez v. City of Albuquerque, 399 F.3d 1216, 1223 (10th Cir. 2005) (quoting United States ex rel. Owen v. McMann, 435 F.2d 813, 818 n.5 (2d Cir. 1970)). However, a juror may not testify about the subject matter of the jury's deliberations or his or her mental processes. Resolution Trust Corp. v. Stone, 998 F.2d 1534, 1535 (10th Cir. 1993). In this case, the Court's decision to order a new trial was not based on the jury's consideration of extraneous information but, instead, on its finding that defendant was prejudiced by plaintiffs' counsel's violations of in limine rulings and his improper statements throughout the

---

[1] Rule 606(b) does not distinguish between oral testimony or a written statement in affidavit form, as both are equally admissible or inadmissible under the rule.

trial. This is not the type of extraneous information discussed in Marquez. Plaintiffs' counsel made statements inserting prejudicial information into the record for the jury's consideration, but neither party has raised concerns that the jury considered evidence that was not presented at trial.

Plaintiffs' counsel is actually seeking information about the subject matter of the jurors' deliberations. From the Court's review of plaintiffs' motion, it appears that plaintiffs' counsel intends to question jurors about whether his conduct inflamed the jury to increase the size of the verdict.[2] This information is not relevant to the Court's decision to order a new trial, nor is this information admissible under Fed. R. Evid. 606. See Capps v. Sullivan, 921 F.2d 260 (10th Cir. 1990) (a juror may not be called to testify about his mental impressions at the time he reached his decision to assent or dissent from a verdict); United States v. Miller, 806 F.2d 223, 225 (10th Cir. 1986) (Rule 606(b) permits the Court to consider evidence of external interference with the deliberative process only); Advisory Committee Note to 1974 Amendments to Fed. R. Evid. 606(b) (clarifying that a juror can testify about outside influences, such as a newscast, newspaper article, or threats to a juror's safety, but a juror can not testify about his or her mental processes during deliberations). The Court determined that Ford did not receive a fair trial, but the Court clearly did not address the mindset of jurors when they reached a verdict. Therefore, there is no reason to allow plaintiffs' counsel to contact any juror about the effect of his improper advocacy at trial, because it has no relevance to the Court's decision to order a new trial.

---

[2] Plaintiffs raise three arguments disputing the Court's determination that the award of damages was "unprecedented." Plaintiffs' motion suggests that the size of the verdict was the sole reason for the Court's decision to grant a new trial. Although the Court addressed this issue in its ruling, the Court was clear that Ford had objectively shown that it was prejudiced by plaintiffs' counsel's conduct without reference to the size of the verdict. Dkt. # 317, at 41.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Allow Communication with Jurors (Dkt. # 318) is **denied**.

**DATED** this 29th day of March, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT