# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEVIN MOODY and VERONICA MOODY, individually and as parents and next friends of TYLER MOODY, deceased,<br><br>    Plaintiffs,<br><br>vs.<br><br>FORD MOTOR COMPANY, a Delaware corporation,<br><br>    Defendant. | Case No. 03-CV-784-GKF-PJC |

## OPINION AND ORDER

Before the court is the Motion to Certify the Order Granting Defendant a New Trial [Docket No. 339] of plaintiffs Kevin Moody and Veronica Moody. Plaintiffs request that the court certify for interlocutory appeal the Opinion and Order [Docket No. 317] granting defendant a new trial.

"Under [28 U.S.C.] § 1292(b), a district court may certify for appeal an otherwise unappealable interlocutory order if the court determines that 'such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *Homeland Stores, Inc. v. Resolution Trust Corp.*, 17 F.3d 1269, 1271 (10th Cir. 1994), *quoting* § 1292(b). "A motion for certification must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994).

A motion for a new trial is addressed to the discretion of the trial court. *Canady v. J.B. Hunt Transport, Inc.*, 970 F.2d 710, 716 (10th Cir. 1992). More specifically, "[t]he decision whether misconduct in a trial has been so egregious as to require retrial is largely left to the discretion of the

trial court." *Angelo v. Armstrong World Industries, Inc.*, 11 F.3d 957, 962 (10th Cir. 1993) *quoting Polson v. Davis*, 895 F.2d 705, 711 (10th Cir. 1990); *Abuan v. Level 3 Communications, Inc.*, 353 F.3d 1158, 1175 (10th Cir. 2003).

A legal question of the type envisioned in § 1292(b) generally doesn't include matters within the discretion of the trial court. *In Re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002). *See also White*, 43 F.3d at 377. The exercise of the court's discretion in granting a new trial premised upon a finding of egregious misconduct is not, in this court's opinion, a "controlling question of law" as is required by 28 U.S.C. § 1292(b).

**WHEREFORE**, Plaintiffs' Motion to Certify the Order Granting Defendant a New Trial [Docket No. 339] is denied.

**IT IS SO ORDERED** this 16th day of October 2007.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma